IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER

    Plaintiff,

v.                                          No. 1:24-cv-00118-KK

NEW MEXICO HOUSE OF REPRESENTATIVES, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed a Verified Emergency Petition for Writ of Quo Warranto and Emergency Request for Preliminary Injunction. *See* Doc. 1, filed February 6, 2024 ("Complaint"). Plaintiff seeks:

> judicial action pursuant to and within the scope of the 'All Writs Act" [sic] Title 28 § 1652 to determine the legal authority of each individual member of the New Mexico House of Representatives elected in the November 8th 2022 NM General Election to occupy office, perform legislative duties and exercise legislative authority of that office.

Complaint at 1. Plaintiff also seeks a preliminary injunction "to stay the effective date [of] laws (bills) passed in the Second Session of the 56th Legislature (2024 Regular Session)" with some exceptions. Complaint at 11.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our

duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court does not have federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Complaint seeks relief pursuant to the All Writs Act, however "the All Writs Act, provided in 28 U.S.C. § 1651, does not create or provide independent subject matter jurisdiction for courts where such jurisdiction is lacking, but, instead, provides a means to correct an action within the court's jurisdiction." *United States v. Tinajero-Porras*, 304 Fed.Appx. 754, 756 (10th Cir. 2008) (citing *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972)).

Plaintiff cites 28 U.S.C. § 1952, State laws as rules of decision, which states: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1952.

> Under [28 U.S.C. § 1952], except in matters governed by the Federal Constitution or by acts of congress, the law to be applied is that of the state. The purpose of [28 U.S.C. § 1952] is to avoid maintenance within one state of two divergent or

> conflicting systems of law, one to be applied in the state courts and the other in federal courts, in case of diversity of citizenship.

*Trust Co. of Chicago v. Pennsylvania R. Co.*, 183 F.2d 640, 642 (7th Cir. 1950). Section 1952 determines whether state or federal law applies in civil actions in United States Courts but does not create subject-matter jurisdiction.

The Complaint also makes allegations that the election was "conducted using election equipment that was not in compliance with State or Fed law," the "actions of the State district court have effectively deprived [Plaintiff] of the right to petition the court and access to a remedy, each of those are a violation of [Plaintiff's] rights protected under the first amendment of the Constitution of the United State[s]," and the "election was in fact conducted contrary to Federal and State election laws." Complaint at 2-3. Vague allegations referring to federal law and the First Amendment of the United States Constitution, without more, are not sufficient to show that the Court has jurisdiction over this matter. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. at 775 ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that identifies the statutory or constitutional provisions under which Plaintiff's claims arise, and alleges sufficient facts to show that the case is one arising under federal law.

**Case Management**

>Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

>**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE COURT**