IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER

    Plaintiff,

v.                                                                          No. 1:24-cv-00118-MLG-KK[1]

NEW MEXICO HOUSE OF REPRESENTATIVES, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed a Verified Emergency Petition for Writ of Quo Warranto and Emergency Request for Preliminary Injunction. *See* Doc. 1, filed February 6, 2024 ("Complaint"). Plaintiff sought:

> judicial action pursuant to and within the scope of the 'All Writs Act" [sic] Title 28 § 1652 to determine the legal authority of each individual member of the New Mexico House of Representatives elected in the November 8th 2022 NM General Election to occupy office, perform legislative duties and exercise legislative authority of that office.

Complaint at 1. Plaintiff also sought, with some exceptions, a preliminary injunction "to stay the effective date [of] laws (bills) passed in the Second Session of the 56th Legislature (2024 Regular Session)." Complaint at 11.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed February 6, 2024. Plaintiff has paid the filing fee. *See* Doc. 4, filed February 9, 2024. The undersigned has reviewed the Amended Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

The Court notified Plaintiff that it appears the Court does not have federal-question jurisdiction and ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 5, Doc. 3, filed February 7, 2024.

Plaintiff filed a Response to the Order to Show Cause and an Amended Complaint. *See* Petitioner[']s Show of Cause, Doc. 5, filed February 26, 2024 ("Response"); Amended and Verified Emergency Petition for Writ of Quo Warranto with Emergency Request for Preliminary Injunctions and Permanent Injunction, Doc. 6, filed February 26, 2024 ("Amended Complaint"). Plaintiff's Response and Amended Complaint assert several bases for subject-matter jurisdiction. Plaintiff asserts the Court has subject-matter jurisdiction under *Ex parte Young*.

> To determine whether the *Ex parte Young* exception applies, we "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md.,* 535 U.S. at 645, 122 S.Ct. 1753 (quotations and brackets omitted). Thus, for the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief. *See Chaffin v. Kan. State Fair Bd.,* 348 F.3d 850, 866 (10th Cir. 2003); *Lewis v. N.M. Dep't of Health,* 261 F.3d 970, 975 (10th Cir.2001).
>
> The second prong—whether the plaintiff has alleged an ongoing violation of federal law—"does not require us to ascertain whether state officials actually violated federal law." *Chaffin,* 348 F.3d at 866. Instead, "we only need to determine whether Plaintiffs state a non-frivolous, substantial claim for relief against the [s]tate officers that does not merely allege a violation of federal law 'solely for the purpose of obtaining jurisdiction.'" *Id.* (quoting *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 690 n. 10, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)).
>
> Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6). As the Supreme Court explained in *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946):
>
>> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. *For it is well settled that the failure to state a*

> *proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.* Whether the complaint states a cause of action on which relief could be granted is a question of law[,] and just as issues of fact[,] *it must be decided after*[,] *and not before*[,] *the court has assumed jurisdiction over the controversy.* If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id.* at 682, 66 S.Ct. 773 (emphasis added).

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167-68 (10th Cir. 2012) (footnote omitted); *Lewis v. New Mexico Dept. of Health*, 261 F.3d 970, 976 (10th Cir. 2001) ("At the immunity stage, however, federal courts apply the limited jurisdictional standard used to assess whether a claim sufficiently confers subject matter jurisdiction, asking only whether the claim is 'wholly insubstantial and frivolous,' rather than reaching the legal merits of the claim").

Plaintiff has established that the Court has subject-matter jurisdiction under *Ex parte Young*. Plaintiff is suing members of the New Mexico House of Representatives rather than the State of New Mexico. Plaintiff has alleged an ongoing violation of federal law because he alleges the use of non-compliant voting equipment violated various federal laws and Constitutional rights. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167-68 (10th Cir. 2012) (failure to state a claim is not the appropriate standard for evaluating whether a complaint establishes jurisdiction). Plaintiff seeks prospective relief to remedy ongoing violations of federal law, a preliminary injunction staying the effective date of bills enacted by lawmakers who were allegedly improperly elected and suspending the use of non-compliant voting equipment.

While the Amended Complaint contains sufficient allegations to establish jurisdiction under *Ex parte Young*, it does not appear to contain sufficient allegations to state a plausible claim upon which relief can be granted.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

The Amended Complaint contains vague, conclusory allegations regarding federal law. *See* Response at 1 (voting conditions "violated equal protection clause of the Fourteenth Amendment and First Amendment rights"), at 2 ("The 2022 NM general election did have Federal offices on the ballot"); Amended Complaint at 2 ("The 2022 NM General election was illegally conducted using election equipment that was not in compliance with State or Fed law"), at 4 ("The 2022 General election was in fact conducted contrary to Federal and State election laws"), at 5 (voting conditions violated the "equal protection clause of the Fourteenth Amendment and First Amendment rights"), at 8 ("The NM[Secretary of State] and NM Judiciary[2] in violation of Federal

---

[2] The Amended Complaint does not name the "NM[Secretary of State] and NM Judiciary" as defendants.

and State laws willfully failed to provide a fair and accurate process for NM voters in the 2022 election. [The Secretary of State] violated fed and state law by using inequitable and non-compliant voting equipment"), at 10 ("the election of 2022 was conducted contrary to state and federal law"). Conclusory allegations, without supporting factual allegations, are not sufficient to state a claim upon which relief can be granted. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Plaintiff states the voting conditions violated "H.A.V.A.," which apparently refers to the Helping America Vote Act, Pub. L. 107-252. Amended Complaint at 5. H.A.V.A. has been codified in, and Plaintiff refers to, 52 USC §§ 20901-21081. *See* Response at 2. Plaintiff does not indicate which of the 56 referenced statutes he believes were violated. Many of those provisions are clearly not applicable as they relate to appropriations, payments to ensure access for disabled persons, mock elections, grants for research, etc. The Court will not review 52 USC §§ 20901-21081 to determine whether Plaintiff can state a claim under any of those provisions. *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant").

Plaintiff also asserts the voting conditions violated "18 USC 10307." Response at 1; Amended Complaint at 5. The Court was unable to find "18 USC 10307."

Plaintiff asserts that voting conditions violated 52 USC § 10101. *See* Response at 1; Amended Complaint at 5. Section 10101 protects the right to vote by prohibiting persons from denying other persons the right to vote based on their race, color, literacy and previous condition

of servitude. *See* 52 USC § 10101, Voting rights.[3] There are no factual allegations in the Amended Complaint supporting Plaintiff's assertion that the election equipment denied persons the right to vote based on race, color, literacy or previous condition of servitude.

Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983. *See* Amended Complaint at 4 (invoking jurisdiction "pursuant to . . . Title 42 § 1983"). Section 1983 provides a remedy for the deprivation of federal rights by a person acting under color of state law but "is not a

---

[3] **(1)** All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding.

**(2)** No person acting under color of law shall—

**(A)** in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote;

**(B)** deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election; or

**(C)** employ any literacy test as a qualification for voting in any election unless (i) such test is administered to each individual and is conducted wholly in writing, and (ii) a certified copy of the test and of the answers given by the individual is furnished to him within twenty-five days of the submission of his request made within the period of time during which records and papers are required to be retained and preserved pursuant to Title III of the Civil Rights Act of 1960: *Provided, however*, That the Attorney General may enter into agreements with appropriate State or local authorities that preparation, conduct, and maintenance of such tests in accordance with the provisions of applicable State or local law, including such special provisions as are necessary in the preparation, conduct, and maintenance of such tests for persons who are blind or otherwise physically handicapped, meet the purposes of this subparagraph and constitute compliance therewith.

52 USC § 10101(a).

jurisdictional statute and is significant only to the extent that it creates a cause of action." *Tyler v. Russel*, 410 F.2d 490, 491 (10th Cir. 1969). Plaintiff is suing Defendants in their official capacities. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

Plaintiff asserts a claim pursuant to *Ex Parte Young*. "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief" *See Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). As discussed above, the Amended Complaint does not state a claim for an ongoing violation of federal law.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's federal law claims for failure to state a claim. If Plaintiff asserts the Court should not dismiss any of Plaintiff's federal law claims, Plaintiff must file a second amended complaint.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for failure to state a claim; and (ii) file a second amended complaint. Failure to timely show cause and file a second amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE COURT**