IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER

       Plaintiff,

v.                                      No. 1:24-cv-00118-MLG-KK

NEW MEXICO HOUSE OF REPRESENTATIVES, *et al.*,

       Defendants.

## THIRD ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed a Second Amended Complaint asserting claims against 69 members of the New Mexico legislature, Doc. 69 at 6-24, filed April 2, 2024, and a Motion for emergency injunctive relief. *See* Petitioner[']s Notice of Completion of Briefing and a Verified Emergency Petition for Injunction Barring Respondents Exercising Legislative Authority Pending Quo Warranto at 2, Doc. 79, filed May 1, 2024 ("Motion"). Plaintiff states he "is requesting Court action as petitioned in the [Second Amended Complaint] . . . [and] is now requesting additional injunctive relief barring respondents from exercising legislative authority pending adjudication of the Quo Warranto." Motion at 2, Doc. 79. The Second Amended Complaint states "Petitioner is requesting a Preliminary Injunction to stay the effective date laws (bills) passed in the Second Session of the 56th Legislature (2024 Regular Session)" with some exceptions, "a permanent injunction barring the enforcement of the laws subject of this matter," and "a preliminary injunction to suspend the use of existing non-compliant, malfunctioning tabulators pending proper certification of NM voting systems and correction of mechanical limitation relative to adjudication/write-in receptacle." Doc. 69 at 23.

Plaintiff has also filed a "Summons Returned Executed" for 69 Defendants.  *See* Doc's 7-58, 60-65, 67-68, 70-78, filed February 26-April 29, 2024.  Those Defendants' answers were due March 19 through May 19, 2024.  None of the Defendants have filed an answer or motion under Rule 12 of the Federal Rules of Civil Procedure.  No attorneys have entered an appearance on behalf of any Defendants.

United States District Judge Matthew L. Garcia denied Plaintiff's Motion stating in part:

> It is not clear that the Court has personal jurisdiction over each Defendant.  *See* Fed. R. Civ. P. k(1)(a) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant [] who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]").  Marker has not proved that he properly served each Defendant.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court . . . [P]roof must be by the server's affidavit.").  In several instances, the Summons Returned Executed indicates the summons was not served on the individual Defendant personally but instead was left with an assistant at Defendant's office.  *See, e.g.*, Doc. 61.  However, the server's affidavit does not indicate that each of those assistants is "an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(c).  The Court cannot enter a default judgment against those Defendants who have failed to plead or otherwise defend until after Marker shows that the Court has personal jurisdiction over those Defendants.  *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered"); *Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

Order Denying Motion for Injunction at 3-4, Doc. 80, filed May 13, 2024.

Plaintiff now asks the Court for an extension of time "to properly serve all of the Individual Respondents."  Petitioner[']s Request for Extension of Time for Service of Process at 2, Doc. 81, filed June 14, 2024 ("Motion Regarding Service").  Plaintiff states several Defendants refused service during the 2024 regular legislative session and some Defendants have avoided service of process after the regular legislative session.  *See* Motion Regarding Service at 2.  Plaintiff states he "will attempt to serve Respondents during the special session" scheduled for July 18, 2024, and requests that the "time for service be extended to July 30th 2024."  Motion at 2-3.

It appears Plaintiff has not properly served each Defendant yet Plaintiff filed "proof of service" for each Defendant.  Plaintiff states: (i) "Several of the Respondents refused service during the 2024 regular legislative session;" (ii) "A number of the Respondents have avoided service of process subsequent to the regular legislative session;" and (iii) Plaintiff "has made every effort to avoid embarrassing any of the Respondents which has made service of process substantially more difficult."  Motion at 2.  Those statements indicate that Plaintiff knew, or should have known, that some of the Defendants had not been properly served and also indicate that Plaintiff had an obligation pursuant to Rule 11 of the Federal Rules of Civil Procedure to determine whether each Defendant had been properly served before filing a Summons Returned Executed for each Defendant.  *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper—whether by . . . filing . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . legal contentions are warranted by exiting law. . .").  The Court previously notified Plaintiff that it is his responsibility to comply with the Federal Rules of Civil Procedure and reminded Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* Order to Show Cause at 4, Doc. 3, filed February 7, 2024 (quoting Rule 11 and notifying Plaintiff that failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions).  Consequently, it appears Plaintiff, by filing "proof of service" for Defendants who were not properly served, has not complied with Rule 11(b).

The Court orders Plaintiff to show cause why the Court should not sanction Plaintiff pursuant to Rule 11 for filing a Summons Returned Executed for those Defendants that Plaintiff did not properly serve.  Possible sanctions include dismissal of the claims against those Defendants who were not properly served or some lesser sanction such as requiring that an attorney authorized

to practice in this Court sign each document that Plaintiff files.  *See* Fed. R. Civ. P. 11(c); *see also*

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil

Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply

with [the Federal Rules of Civil Procedure] or any order of court").  Plaintiff must identify each

Defendant that he did not properly serve.

Judge Garcia also notified Plaintiff:

> It is also not clear that that Marker has stated a claim upon which relief can be granted.  Marker seeks injunctive relief pursuant to *Ex parte Young*, which permits suits against "a state official sued in his official capacity when the plaintiff seeks only prospective, injunctive relief." *Tarrant Regional Water Dist. V. Sevenoaks.,* 545 F.3d 906, 911 (10th Cir. 2008).  It appears that Marker seeks injunctive relief against the State of New Mexico, which is not named as a defendant, rather than the individual members of the New Mexico House of Representatives, because Marker seeks a stay of the effective date of enacted laws and to temporarily enjoin the State's use of existing voting machines. *See State ex rel. White v. Clevenger*, 1961-NMSC-109, ¶ 7 ("Quo warranto is not a proper remedy to test the legality of the acts of an officer or his misconduct in office, nor to compel, restrain, or obtain a review of such acts unless they amount to a forfeiture of the office, where neither the title to the office nor the right to a franchise is involved. nor will quo warranto lie to prevent or restrain an illegal act by an officer") (citations omitted).  In addition, Marker seeks an injunction barring enforcement of those laws.  Marker has not shown that Defendants would enforce those laws, has not named as defendants the state officials responsible for enforcement, and has not shown that any officials responsible for enforcement of those laws would be bound by an order granting Marker's Motion. *See* Fed. R. Civ. P. 65(d)(2) (an order granting an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with any of the persons described in Rule 65(d)(2)(A) or (B)").

Order Denying Motion for Injunction at 4.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's

Second Amended Complaint for failure to state a claim. *See Lowrey v. Sandoval County Children*

*Youth and Families Department,* 2023WL4560223 \*2 (10th Cir. July 17, 2023) (stating: "Given a

referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the

complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not: (i) sanction Plaintiff pursuant to Rule 11(b) of the Federal Rules of Civil Procedure for filing Summonses Returned Executed for those Defendants Plaintiff did not properly serve; and (ii) dismiss Plaintiff's claims for failure to state a claim.  Failure to timely show cause may result in sanctions and the dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**